UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AMERICAN AMBULETTE & | ) | CASE NO.: 13-07673-8-SWH |
| AMBULANCE SERVICE, INC., ET AL[1] | ) | CHAPTER 7 |
| | ) | JOINTLY ADMINISTERED |
| *Debtors* | ) | |
| | ) | |
| | ) | |
| ALGERNON L. BUTLER, as Chapter 7 | ) | |
| Trustee of AMERICAN AMBULETTE & | ) | |
| AMBULANCE SERVICE, INC., | ) | |
| COASTLINE CARE, INC., EASTERN | ) | |
| SHORE ACQUISITION CORPORATION, | ) | |
| EASTERN SHORE AMBULANCE, INC., | ) | |
| MARMAC TRANSPORTATION | ) | |
| SERVICES, INC., and TRANSMED, LLC | ) | |
| | ) | |
| *Plaintiff* | ) | ADVERSARY PROCEEDING |
| | ) | |
| vs. | ) | NO. 15-00043-8-SWH |
| | ) | |
| ENHANCED EQUITY FUND II, L.P.; EEF | ) | |
| PARTNERS II, LLC; MALCOLM | ) | |
| KOSTUCHENKO; ANDREW M. PAUL; | ) | |
| SAMARTH CHANDRA; BRYAN GIBSON; | ) | |
| STEVEN BLACKBURN; ROBERT | ) | |
| JEWELL; PRIORITY AMBULANCE, LLC; | ) | |
| and SHOALS AMBULANCE, LLC | ) | |
| | ) | |
| *Defendants* | ) | |
| | ) | |

**ANSWER, AFFIRMATIVE AND OTHER DEFENSES
OF ENHANCED EQUITY FUND II, L.P., EEF PARTNERS II, LLC, MALCOLM
KOSTUCHENKO, PRIORITY AMBULANCE, LLC AND SHOALS AMBULANCE, LLC
IN RESPONSE TO SECOND AMENDED COMPLAINT**

Defendants Enhanced Equity Fund II, L.P. ("EEF"), EEF Partners II, LLC ("EEF

---

[1] This case caption refers only to Case No. 13-07673-8-SWH pursuant to the Court's April 4, 2015 Order Directing Joint Administration [D.E. 492, Case No. 13-07673-8-SWH]

Partners"), Malcom Kostuchenko ("Kostuchenko"), Priority Ambulance, LLC ("Priority"), and

Shoals Ambulance, LLC ("Shoals" and together with EEF, EEF Partners, Kostuchenko and

Priority, "Defendants"), by and through their undersigned counsel, hereby submit their answer,

affirmative and other defenses in response to the Second Amended Complaint. To the extent that

any allegations in the Second Amended Complaint to which an answer may be required,

including section headings and subparts, are not expressly admitted herein, they are denied.

## PARTIES, JURISDICTION, AND VENUE

1.      Defendants admit that American Ambulette & Ambulance Service, Inc. ("AAA")
is a corporation organized pursuant to the laws of the State of Ohio.  Defendants deny all
remaining allegations.

2.      Defendants admit that Coastline Care, Inc. ("Coastline Care") is a corporation
organized pursuant to the laws of the State of North Carolina.  Defendants deny all remaining
allegations.

3.      Defendants admit that Eastern Shore Acquisition Corporation ("ESAC") is a
corporation organized pursuant to the laws of the State of Delaware.  Defendants deny all
remaining allegations.

4.      Defendants admit that Eastern Shore Ambulance, Inc. ("Eastern Shore
Ambulance") is a corporation organized pursuant to the laws of the Commonwealth of Virginia.
Defendants deny all remaining allegations.

5.      Defendants admit that MarMac Transportation Services, Inc. ("MarMac") is a
corporation organized pursuant to the laws of the Commonwealth of Virginia.  Defendants deny
all remaining allegations.

6.      Defendants admit that Trasmed, LLC ("Transmed") is a limited liability company
organized pursuant to the laws of the State of South Carolina.  Defendants deny all remaining
allegations.

7.      Defendants admit that AAA, Coastline Care, ESAC, Eastern Shore Ambulance,
MarMac and Transmed (together, the "FirstMed Entities") were generally in the business of
providing medical transportation services.  Defendants deny all remaining allegations.

8.      Defendants admit that the FirstMed Entities were sometimes referred to, both
individually and collectively, as "FirstMed."  Defendants deny all remaining allegations.

9.      Defendants admit that the Board of Directors for each of the FirstMed Entities
adopted resolutions dated as of December 6, 2013, which resolutions are the best evidence of
their terms.  Defendants deny all remaining allegations that are inconsistent with the resolutions.

2

91004-0040/135222904.1

10.     Defendants admit all allegations.

11.     Defendants admit all allegations.

12.     Paragraph 12 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

13.     Defendants deny all allegations.

14.     Defendants admit that EEF Partners II, LLC ("EEF Partners") is a limited liability company organized pursuant to the laws of the State of Delaware.  Defendants deny all remaining allegations.

15.     Defendants admit that Kostuchenko is a resident of the State of New York. Defendants deny all remaining allegations.

16.     Defendants admit that Andrew Paul ("Paul") is a resident of the State of New York.  Defendants deny all remaining allegations.

17.     Defendants admit that Samarth Chandra ("Chandra") is a resident of the State of New York.  Defendants deny all remaining allegations.

18.     Defendants admit that Bryan Gibson ("Gibson") is a resident of the State of Tennessee.  Defendants deny all remaining allegations.

19.     Defendants admit that Steven Blackburn ("Blackburn") is a resident of the State of Tennessee.  Defendants deny all remaining allegations.

20.     Defendants admit that Robert Jewell ("Jewell") is a resident of the State of Indiana.  Defendants deny all remaining allegations.

21.     Defendants admit Priority Ambulance, LLC is a limited liability company organized pursuant to the laws of the State of Delaware.  Defendants deny all remaining allegations.

22.     Defendants admit that Shoals Ambulance, LLC is a limited liability company organized pursuant to the laws of the State of Alabama.  Defendants deny all remaining allegations.

23.     Defendants admit that Shoals is the successor entity to Shoals Ambulance, Inc. Defendants deny all remaining allegations.

24.     Paragraph 24 does not make any factual allegations and thus no answer is required.  To the extent an answer is required, Defendants deny all allegations.

25.     Defendants admit that each of the FirstMed Entities were generally in the business of providing medical transportation services.  Defendants deny all remaining allegations.

26.     Defendants admit that certain of the FirstMed Entities conducted operations in

3

certain states, including: North Carolina, Virginia, South Carolina, Ohio, Kentucky, and West Virginia. Defendants deny all remaining allegations.

27. Defendants deny all allegations.

28. Defendants admit that ESAC and its subsidiaries Coastline Care, Eastern Shore Ambulance, MarMac and Transmed (the "ESAC Subsidiaries") conducted operations on the East Coast, including, in some or all of Virginia, North Carolina and South Carolina. Defendants deny all remaining allegations.

29. Defendants admit that AAA conducted operations in Ohio and Kentucky. Defendants deny all remaining allegations.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

31. Defendants admit that an individual named Christopher Garcia ("Garcia") was a director of Ambulance Holdings, LLC ("Ambulance Holdings") and each of the FirstMed Entities prior to 2013. Defendants deny all remaining allegations.

32. Defendants admit all allegations.

33. Defendants deny all allegations.

34. Defendants admit all allegations.

35. Defendants admit all allegations.

36. Defendants admit all allegations.

37. Defendants admit all allegations.

38. Defendants admit all allegations.

39. Defendants admit all allegations.

40. Defendants admit all allegations.

41. Defendants admit all allegations.

42. Defendants admit that EEF had an ownership interest in Ambulance Holdings. Defendants deny all remaining allegations.

43. Defendants deny all allegations.

44. Defendants admit all allegations.

45. Defendants admit all allegations.

4

46.     Defendants admit that EEF Partners was a general partner of EEF.  Defendants deny all remaining allegations.

47.     Defendants deny all allegations.

48.     Defendants admit all allegations.

49.     Defendants admit all allegations.

50.     Defendants deny all allegations.

51.     Defendants deny all allegations.

52.     Paragraph 52 does not make any factual allegations and therefore no answer is required.  To the extent an answer is required, Defendants deny all allegations.

53.     Paragraph 53 does not make any factual allegations and therefore no answer is required.  To the extent an answer is required, Defendants deny all allegations.

54.     Defendants admit that an organizational chart that purports to show the ownership structure of the FirstMed Entities, Ambulance Holdings, EEF, EEF Partners and other entities is attached as "Exhibit A" to the Second Amended Complaint.  Defendants deny all remaining allegations.

55.     Defendants admit that Paul, Kostuchenko and Chandra are each professionals with skill and experience in investment, financial analysis and financial management. Defendants deny all remaining allegations.

56.     Defendants admit that EEF was in the private equity industry and invested money. Defendants further admit that Paul, Chandra and Kostuchenko have experience in investment, financial analysis and financial management.  Defendants deny all remaining allegations.

57.     Defendants admit that EEF invested in the health care industry and had experience in the medical transportation industry.  Defendants deny all remaining allegations.

58.     Defendants admit that Gibson, Blackburn and Jewell each have experience in the medical transportation industry.  Defendants deny all remaining allegations.

59.     Defendants deny all allegations.

60.     Defendants admit that certain of the FirstMed Entities executed a forbearance agreement, which agreement is the best evidence of its terms.  Defendants deny all of the allegations contained in this paragraph that are inconsistent with the terms of the forbearance agreement.  Defendants further admit that Chandra, Gibson, and Blackburn participated in developing a preliminary business model, strategy and forecasts for medical transport services into new markets in Tennessee and Alabama for the FirstMed Entities.  Defendants deny all remaining allegations.

61.     Defendants deny all allegations.

62.     Defendants deny all allegations.

63.     Defendants deny all allegations.

64.     Defendants admit that the FirstMed Entities filed for bankruptcy under Chapter 7 of the Bankruptcy Code.  Defendants deny all remaining allegations.

65.     Defendants deny all allegations.

66.     Defendants deny all allegations.

67.     Defendants admit that the FirstMed Entities provided notice to their employees under the WARN Act, discontinued operations, and filed for bankruptcy under Chapter 7 of the Bankruptcy Code.  Defendants further admit that an adversary proceeding was filed against the FirstMed Entities' bankruptcy estates asserting claims under the WARN Act and various state statutes, and the parties have agreed to a comprehensive settlement in that proceeding. Defendants deny all remaining allegations.

68.     Defendants admit that the FirstMed Entities discontinued operations and filed for bankruptcy under Chapter 7 of the Bankruptcy Code.  Defendants deny all remaining allegations.

69.     Defendants deny all allegations.

70.     Defendants deny all allegations.

71.     Defendants admit that the Trustee is seeking damages against them but denies that the Trustee is entitled to any damages.  Defendants deny all remaining allegations.

72.     Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations regarding the identity and amount of creditors of the FirstMed Entities' bankruptcy estates and therefore deny them.  Defendants deny all remaining allegations.

73.     Defendants admit that Ambulance Holdings was formed in 2011 and that it subsequently acquired an ownership interest in ESAC.  Defendants deny all remaining allegations.

74.     Defendants admit all allegations.

75.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

76.     Defendants deny all allegations.

77.     Defendants admit that representatives of EEF Partners, including Chandra, reviewed the financial records of ESAC, Coastline Care, Eastern Shore Ambulance, MarMac and Transmed before Ambulance Holdings was formed.  Defendants deny all remaining allegations.

78.    Defendants admit that Ambulance Holdings acquired an ownership interest in AAA in 2011.  Defendants deny all remaining allegations.

79.    Defendants admit that, in 2011, AAA acquired certain assets from entities known as Life Ambulance and MedCorp.  Defendants deny all remaining allegations.

80.    Defendants admit that AAA used the trade names "Life Ambulance" and "MedCorp."  Defendants deny all remaining allegations.

81.    Defendants admit that certain assets of an entity known as MedCorp were purchased out of a bankruptcy estate.  Defendants deny all remaining allegations.

82.    Defendants deny all allegations.

83.    Defendants deny all allegations.

84.    Defendants admit that AAA incurred debt and encumbered certain assets in connection with its acquisition of certain of the assets of entities known as Life Ambulance and MedCorp.  Defendants deny all remaining allegations.

85.    Defendants admit that EEF invested in Ambulance Holdings.  Defendants deny all remaining allegations.

86.    Defendants deny all allegations.

87.    Defendants deny all allegations.

88.    Defendants admit that EEF had an ownership interest in Ambulance Holdings. Defendants deny all remaining allegations.

89.    Defendants deny all allegations.

90.    Defendants deny all allegations.

91.    Defendants deny all allegations.

92.    Defendants deny all allegations.

93.    Defendants admit all allegations.

94.    Defendants deny all allegations.

95.    Defendants deny all allegations.

96.    Defendants deny all allegations.

97.    Defendants deny all allegations.

98.    Defendants deny all allegations.

91004-0040/135222904.1

99.    Defendants deny all allegations.

100.    Defendants admit that on July 1, 2011, AAA and ESAC, as Borrowers, and the ESAC Subsidiaries, as Guarantors, entered into certain agreements with Bank of Montreal and The F&M Bank and Trust Company (together, the "Lenders"), including a certain Credit Agreement, which agreements are the best evidence of their terms.  Defendants deny all allegations inconsistent with the terms of the agreements.  Defendants deny all remaining allegations.

101.    Defendants admit that certain loan proceeds were used by AAA to purchase certain assets of entities known as Life Ambulance and MedCorp.  Defendants deny all remaining allegations.

102.    Defendants admit that ESAC and AAA each granted a security interest in certain assets to the Lenders as security for the loans.  Defendants deny all remaining allegations.

103.    Paragraph 103 asserts a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

104.    Defendants admit that certain of the FirstMed Entities and the Lenders entered into a Forbearance Agreement in March, 2013.  Defendants further admit that the Forbearance Agreement was amended in 2013.  The Forbearance Agreement and its amendments (together, the "Forbearance Agreements") are the best evidence of their terms.  Defendants deny all allegations inconsistent with the terms of the Forbearance Agreements.  Defendants deny all remaining allegations.

105.    The Forbearance Agreements are the best evidence of their terms.  Defendants deny all allegations inconsistent with the terms of the Forbearance Agreements.  Defendants deny all remaining allegations.

106.    The Forbearance Agreements are the best evidence of their terms.  Defendants deny all allegations inconsistent with the terms of the Forbearance Agreements.  Defendants deny all remaining allegations.

107.    Paragraph 107 asserts a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

108.    Defendants admit that certain of the FirstMed Entities executed amendments to the Forbearance Agreements.  The Forbearance Agreements are the best evidence of their terms.  Defendants deny all allegations inconsistent with the terms of the Forbearance Agreements.  Defendants deny all remaining allegations.

109.    Defendants admit that the Lenders and certain of the FirstMed Entities were unable to reach an agreement to extend the Forbearance Agreements in October of 2013.  Defendants deny all remaining allegations.

110.    Defendants admit that they proposed various restructuring alternatives to the Lenders, including one alternative that, among other things, would reduce the outstanding

8

indebtedness to $4,000,000. Defendants further admit that they warned the Lenders about the possibility of a bankruptcy filing under chapter 7 of the Bankruptcy Code if the parties were unable to agree on a restructuring alternative. Defendants deny all remaining allegations.

111. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

112. Defendants deny all allegations.

113. Defendants deny all allegations.

114. Defendants admit that during each quarter of 2012 and one quarter of 2013, ESAC and the ESAC Subsidiaries reported cumulative revenue exceeding $5,000,000. Defendants deny all remaining allegations.

115. Defendants deny all allegations.

116. Defendants deny all allegations.

117. Defendants deny all allegations.

118. Defendants deny all allegations.

119. Defendants deny all allegations.

120. Defendants deny all allegations.

121. Defendants deny all allegations.

122. Defendants admit that ESAC and its subsidiaries had contracts for services, accounts receivables, reported positive EBITDA during certain periods of time, assets, including tangible assets such as ambulances and ambulettes, medical supplies and equipment. Defendants deny all remaining allegations.

123. Defendants deny all allegations.

124. Defendants admit that the FirstMed Defendants did not market any of the FirstMed Entities. Defendants deny all remaining allegations.

125. Defendants deny all allegations.

126. Defendants deny all allegations.

127. Defendants deny all allegations.

128. Defendants admit that AAA reported expenses that exceeded revenues for each quarter of 2012. Defendants deny all remaining allegations.

129. Defendants admit that, in December of 2012, Mike Franks resigned as Chief

Executive Officer of the FirstMed Entities. Defendants further admit that, in December of 2012, Chris Martin ("Martin") was named the interim Chief Executive Officer of the FirstMed Entities. Defendants deny all remaining allegations.

130. Defendants admit that, in December of 2012, Chandra became a director of each of the FirstMed Entities and Ambulance Holdings. Defendants deny all remaining allegations.

131. Defendants deny all allegations.

132. Defendants deny all allegations.

133. Defendants deny all allegations.

134. Defendants deny all allegations.

135. Defendants admit that, in March of 2013, AAA reported a positive EBITDA. Defendants deny all remaining allegations.

136. Defendants admit that AAA reported a negative EBTIDA in 2012. Defendants deny all remaining allegations.

137. Defendants deny all allegations.

138. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

139. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph relating to the Lenders' state of mind and therefore deny them. The Forbearance Agreements are the best evidence of their terms. Defendants deny all allegations inconsistent with the terms of the Forbearance Agreements.

140. Defendants deny all allegations.

141. Defendants deny all allegations.

142. Defendants deny all allegations.

143. Defendants deny all allegations.

144. Defendants deny all allegations.

145. Defendants deny all allegations.

146. Defendants deny all allegations.

147. Defendants admit that, in 2013, AAA had contracts for medical transport services, had accounts receivables, and owned assets, including ambulances, ambulettes, medical supplies and equipment. Defendants deny all remaining allegations.

148.    Defendants admit that, in 2013, AAA's management team expected to continue operations and attempted to improve financial performance.  Defendants deny all remaining allegations.

149.    Defendants admit that, at certain times in 2013, the FirstMed Entities reported a consolidated positive EBITDA.  Defendants deny all remaining allegations.

150.    Defendants admit that, in 2013, AAA reported goodwill and other intangible value exceeding $15,000,000.  Defendants deny all remaining allegations.

151.    Defendants deny all allegations.

152.    Defendants admit that, in 2012, Chandra, Paul and Kostuchenko engaged in a search to find a new management team for the FirstMed Entities.  Defendants deny all remaining allegations.

153.    Defendants admit that Chandra, Paul and Kostuchenko identified Gibson as a candidate and, after discussions, the directors of the FirstMed Entities finalized the terms of Gibson's employment in 2013.  Defendants deny all remaining allegations.

154.    Defendants deny all allegations.

155.    Defendants admit that Martin remained employed by the FirstMed Entities until after July of 2013.  Defendants deny all remaining allegations.

156.    Defendants admit that Gibson worked for RuralMetro, which was a medical transport services company that filed for bankruptcy protection.  Defendants deny all remaining allegations.

157.    Defendants admit that Gibson previously had an ownership interest in a company that utilized the trade name "Priority Ambulance."  Defendants deny all remaining allegations.

158.    Defendants deny all allegations.

159.    Defendants admit that, before Gibson was hired, Chandra, Paul and Kostuchenko knew that Gibson owned an interest in Shoals, which is a medical transport services business in Alabama.  Defendants deny all remaining allegations.

160.    Defendants deny all allegations.

161.    Defendants deny all allegations.

162.    Defendants admit that Gibson was announced as the Chief Executive Officer of the FirstMed Entities in July of 2013.  Defendants deny all remaining allegations.

163.    Defendants admit that Gibson visited an office of the FirstMed Entities in Wilmington, North Carolina after being announced as the Chief Executive Officer of the FirstMed Entities.  Defendants deny all remaining allegations.

11

164.    Defendants deny all allegations.

165.    Defendants deny all allegations.

166.    Defendants admit that Blackburn and Jewell were hired as officers of each of the FirstMed Entities. Defendants deny all remaining allegations.

167.    Defendants admit that Blackburn and Jewell had previously worked with Gibson in another medical transport services business. Defendants deny all remaining allegations.

168.    Paragraph 168 does not make any factual allegations and accordingly no answer is required. To the extent an answer is required, Defendants deny all allegations.

169.    Defendants deny all allegations.

170.    Defendants admit all allegations.

171.    Defendants deny all allegations.

172.    Defendants deny all allegations.

173.    Defendants deny all allegations.

174.    Defendants deny all allegations.

175.    Defendants deny all allegations.

176.    Defendants deny all allegations.

177.    Defendants deny all allegations.

178.    Defendants admit that certain of the FirstMed Defendants developed a business model for expanding into Tennessee and Alabama. Defendants deny all remaining allegations.

179.    Defendants deny all allegations.

180.    Defendants deny all allegations.

181.    Defendants deny all allegations.

182.    Defendants deny all allegations.

183.    Defendants admit that Martin and other employees of certain of the FirstMed Entities worked at offices located in Wilmington, North Carolina. Defendants deny all remaining allegations.

184.    Defendants deny all allegations.

185.    Defendants deny all allegations.

186.    Defendants deny all allegations.

187.    Defendants deny all allegations.

188.    Defendants admit that the FirstMed Entities executed the Forbearance Agreements, which agreements are the best evidence of their terms.  Defendants further admit that the FirstMed Entities reported a positive EBITDA on a consolidated basis at certain points in time.  The allegation of default is a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny those allegations.  Defendants deny all remaining allegations.

189.    Defendants deny all allegations.

190.    Defendants deny all allegations.

191.    Defendants admit all allegations.

192.    Defendants admit that, in 2013, Gibson owned an interest in Shoals.  Defendants deny all remaining allegations.

193.    Defendants deny all allegations.

194.    Defendants deny all allegations.

195.    Defendants admit that, in 2013, certain employees of certain of the FirstMed Entities researched the process for applying for and obtaining business licenses in Tennessee and Alabama.  Defendants deny all remaining allegations.

196.    Defendants deny all allegations.

197.    Defendants deny all allegations.

198.    Defendants admit that Exhibit B attached to the Second Amended Complaint contains purported logos with the words Priority and Shoals.  Defendants are without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations and therefore denies them.

199.    Defendants admit that the FirstMed Entities recruited and hired employees in Tennessee and Alabama.  Defendants deny all remaining allegations.

200.    Defendants admit that certain ambulances owned by the FirstMed Entities were transferred to Alabama and Tennessee and certain of those vehicles were used by Shoals for one assignment.  Defendants deny all remaining allegations.

201.    Defendants admit that the FirstMed Entities made a charitable donation in Tennessee.  Defendants deny all remaining allegations.

202.    Defendants admit all allegations.

13

203.    Defendants admit that the FirstMed Entities did not have a written contractual agreement with Priority or Shoals.  Defendants deny all remaining allegations.

204.    Defendants admit that Priority and Shoals did not pay any money to the FirstMed Entities.  Defendants deny all remaining allegations.

205.    Defendants admit that Shoals and Priority did not have a note, receivable or accounting entry accruing for the benefit of the FirstMed Entities relating to the reimbursement or repayment of expenses paid or incurred by the FirstMed Entities.  Defendants deny all remaining allegations.

206.    Defendants admit that, in the Fall of 2013, certain vehicles owned by FirstMed were driven to Tennessee and Alabama. Defendants deny all remaining allegations.

207.    Defendants admit that, in the Fall of 2013, the FirstMed Entities had no operations in Tennessee or Alabama.  Defendants deny all remaining allegations.

208.    Defendants admit that Shoals did operate and have a business location in Alabama at certain times.  Defendants deny all remaining allegations.

209.    Defendants deny all allegations.

210.    Defendants admit that the FirstMed Entities allowed Shoals to use, and Shoals did use, certain of the FirstMed Entities' vehicles for one assignment.  Defendants further admit that Shoals did not pay any money to the FirstMed Entities.  Defendants deny all remaining allegations.

211.    Defendants admit that certain vehicles owned by the FirstMed Entities and driven to Tennessee and Alabama were not used by Shoals and sat idle.  Defendants deny all remaining allegations.

212.    Defendants deny all allegations.

213.    Defendants deny all allegations.

214.    Defendants deny all allegations.

215.    Defendants deny all allegations.

216.    Defendants deny all allegations.

217.    Defendants admit that certain vehicles owned by the FirstMed Entities were driven to locations in Tennessee and Alabama.  Defendants deny all remaining allegations.

218.    Defendants deny all allegations.

219.    Defendants admit that certain ambulances were driven to Tennessee and Alabama and re-painted.  Defendants deny all remaining allegations.

91004-0040/135222904.1

220.    Defendants deny all allegations.

221.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

222.    Defendants admit all allegations.

223.    Defendants admit that photographs are attached as Exhibit C to the Second Amended Complaint.  Defendants deny all remaining allegations.

224.    Defendants admit that copies of purported invoices are attached as Exhibit D to the Second Amended Complaint.  Defendants deny all remaining allegations.

225.    Defendants admit that Chandra discussed the possibility of purchasing ambulances out of the FirstMed Entities bankruptcy estates in 2013.  Defendants deny all remaining allegations.

226.    Defendants admit that Chandra discussed the possibility of purchasing ambulances out of the FirstMed Entities bankruptcy estates in 2013.  Defendants deny all remaining allegations.

227.    Defendants admit that none of EEF, EEF Partners, Chandra, Paul, Kostuchenko, Gibson, Blackburn, or Jewell pursued the purchase of vehicles from the FirstMed Entities through Priority and/or Shoals.  Defendants deny all remaining allegations.

228.    Defendants admit that certain vehicles were relocated to Tennessee and Alabama.  Defendants deny all remaining allegations.

229.    Defendants admit that certain vehicles, medical supplies and equipment belonging to the FirstMed Entities were relocated to Tennessee and Alabama.  Defendants deny all remaining allegations.

230.    Defendants admit that certain vehicles were relocated to Tennessee and Alabama.  Defendants further admit that new equipment was ordered for some of those vehicles.  Defendants deny all remaining allegations.

231.    Defendants deny all allegations.

232.    Defendants admit that copies of purported invoices are attached as Exhibit E to the Second Amended Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

233.    Defendants admit that Shoals utilized equipment belonging to certain of the FirstMed Entities for one assignment.  Defendants further admit that Shoals did not pay any money to the FirstMed Entities.  Defendants deny all remaining allegations.

234.    Defendants deny all allegations.

235.    Defendants deny all allegations.

236.    Defendants deny all allegations.

237.    Defendants admit that certain vehicles were driven to Tennessee and Alabama, some of which contained medical supplies and equipment.  Defendants admit that the Lenders demanded that the FirstMed Entities deliver titles to their vehicles.  Defendants deny all remaining allegations.

238.    Defendants deny all allegations.

239.    Defendants admit that, in the Fall of 2013, certain of the FirstMed Entities hired employees who performed work in Tennessee and Alabama.  Defendants deny all remaining allegations.

240.    Defendants admit that certain of the FirstMed Entities hired employees who performed work in Tennessee and Alabama.  Defendants deny all remaining allegations.

241.    Defendants admit that certain employees of the FirstMed Entities were experienced professionals that had salaries that exceeded $100,000 annually.  Defendants deny all remaining allegations.

242.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

243.    Defendants admit that certain of the FirstMed Entities hired employees who performed work in Tennessee and Alabama.  Defendants further admit that the FirstMed Entities reported no revenue in Tennessee or Alabama.  Defendants deny all remaining allegations.

244.    Defendants admit that certain of the FirstMed Entities hired employees who performed work in Tennessee and Alabama.  Defendants deny all remaining allegations.

245.    Defendants admit that certain of the FirstMed Entities hired employees who performed work in Tennessee and Alabama.  Defendants further admit that certain of the FirstMed Entities executed Forbearance Agreements with the Lenders, which agreements are the best evidence of its terms.  Defendants further admit that certain of the FirstMed Entities reported a negative EBITDA at certain times.  Defendants deny all remaining allegations in this paragraph.

246.    Defendants admit that, in the Fall of 2013, certain of the FirstMed Entities hired employees who performed work in Tennessee and Alabama and those employees were sent welcome packages.  Defendants deny all remaining allegations.

247.    Defendants deny all allegations.

248.    Defendants admit that, in the Fall of 2013, certain of the FirstMed Entities hired employees who performed work in Tennessee and Alabama.  Defendants deny all remaining allegations.

16

91004-0040/135222904.1

249.    Defendants admit that copies of purported business cards are attached as Exhibit F to the Second Amended Complaint.  Defendants deny all remaining allegations.

250.    Defendants deny all allegations.

251.    Defendants deny all allegations.

252.    Defendants deny all allegations.

253.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

254.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

255.    Defendants admit that certain employees who worked for the FirstMed Entities were later hired to work for Shoals or Priority after the Petition Date.  Defendants deny all remaining allegations.

256.    Defendants deny all allegations.

257.    Defendants admit that, in the Fall of 2013, certain of the FirstMed Entities spent money in connection with facilities in Tennessee.  Defendants deny all remaining allegations.

258.    Defendants deny all allegations.

259.    Defendants admit that Priority is currently using a facility in Tennessee that was located by employees of certain of the FirstMed Entities and for which certain of the FirstMed Entities paid a deposit, which, upon information and belief, was paid back to the bankruptcy estate of one or more of the FirstMed Entities.  Defendants deny all remaining allegations.

260.    Defendants admit that, in the Fall of 2013, certain of the FirstMed Entities made a charitable donation in Tennessee.  Defendants deny all remaining allegations.

261.    Defendants admit that certain of the FirstMed Entities made a charitable donation in Tennessee.  Defendants deny all remaining allegations.

262.    Defendants deny all allegations.

263.    Defendants deny all allegations.

264.    Defendants deny all allegations.

265.    Defendants admit that the FirstMed Entities reported, on a consolidated basis, an EBITDA that was more than $1,000,000 negative in October, 2013.  Defendants deny all remaining allegations.

266.    Defendants deny all allegations.

17

267.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

268.    Defendants deny all allegations.

269.    Defendants deny all allegations.

270.    Defendants deny all allegations.

271.    Defendants admit that the FirstMed Entities explored the expansion of medical transportation services into new markets in Tennessee and Alabama.  Defendants deny all remaining allegations.

272.    Defendants deny all allegations.

273.    Defendants admit that they informed the Lenders about the possible expansion of medical transportation services for the FirstMed Entities into new markets in Alabama and Tennessee and the restructuring and new funding necessary for such expansion.  Defendants deny all remaining allegations.

274.    Defendants deny all allegations.

275.    Defendants deny all allegations.

276.    Defendants admit that EEF and/or EEF Partners did not make a new investment of $7,500,000 to $10,000,000 in the FirstMed Entities in 2013.  Defendants deny all remaining allegations.

277.    Defendants deny all allegations.

278.    Defendants admit that the Forbearance Agreement was amended from time to time, but the Lenders and certain of the FirstMed Entities were unable to reach an agreement to extend the Forbearance Agreements in October of 2013.  Defendants deny all remaining allegations.

279.    Defendants admit that they were unable to reach an agreement with the Lenders to extend the Forbearance Agreements.  Defendants deny all remaining allegations.

280.    Defendants deny that they refused to agree to an amendment to the Forbearance Agreement.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the Lenders' state of mind, and therefore deny that allegation.  Defendants deny all remaining allegations.

281.    Defendants deny all allegations.

282.    Defendants admit that Paul, Chandra, Kostuchenko were involved in discussions with the Lenders.  Defendants deny all remaining allegations.

283.    Defendants admit that Kostuchenko was not an officer or director of any of the

18

FirstMed Entities.  Defendants further admit that Kostuchenko was involved in discussions with the Lenders.  Defendants deny all remaining allegations.

284.    Defendants admit that Kostuchenko participated in developing strategies for the FirstMed Entities in 2013.  Defendants deny all remaining allegations.

285.    Defendants admit that Chandra and Kostuchenko informed the Lenders that there was a risk that the Gibson, Blackburn and Jewell would leave the FirstMed Entities if the Lenders did not agree to a reasonable restructuring proposal.  Defendants deny all remaining allegations.

286.    Defendants deny all allegations.

287.    Defendants admit that Chandra and Kostuchenko made presentations to the Lenders in November of 2013 regarding the FirstMed Entities' financial situations and potential new business opportunities.  Defendants deny all remaining allegations.

288.    Defendants admit that Chandra and Kostuchenko described to the Lenders new business opportunities for the FirstMed Entities.  Defendants deny all remaining allegations.

289.    Defendants admit that Chandra and Kostuchenko made a presentation to the Lenders.  Defendants deny all remaining allegations.

290.    Defendants admit that Chandra and Kostuchenko made a presentation to the Lenders in November of 2013.  Defendants deny all remaining allegations.

291.    Defendants deny all allegations.

292.    Defendants admit that the FirstMed Entities researched the possibility of expanding into Tennessee and Alabama.  Defendants further admit that certain surplus ambulances containing medical supplies and equipment that were not needed for the FirstMed Entities' current operations were driven to Tennessee and Alabama.  Defendants deny all remaining allegations.

293.    Defendants admit that Chandra and Kostuchenko made presentations to the Lenders in November of 2013 that contained cash flow and financial forecasts.  Defendants deny all remaining allegations.

294.    Defendants deny all allegations.

295.    Defendants admit that Chandra and Kostuchenko informed Lenders that there was a liquidity crisis at the FirstMed Entities.  Defendants deny all remaining allegations.

296.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

297.    Defendants deny all allegations.

298.    Defendants admit that, in November and December of 2013, Chandra and Kostuchenko discussed with the Lenders the possibility of discontinuing operations of the FirstMed Entities and filing petitions for relief under Chapter 7 of Title 11 of the United States Code for the FirstMed Entities.  Defendants deny all remaining allegations.

299.    Defendants admit that Chandra and Kostuchenko made a presentation to the Lenders indicating that RuralMetro had previously employed Mr. Gibson and that it was expected that RuralMetro would exit bankruptcy on December 13.    Defendants deny all remaining allegations.

300.    Defendants deny all allegations.

301.    Defendants admit that, in December of 2013, a call was scheduled between the Lenders, counsel for the Lenders, Chandra, Kostuchenko and their counsel to discuss restructuring of the Loan.  Defendants deny all remaining allegations.

302.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

303.    Defendants admit that counsel for the Lenders sent a letter to counsel for the FirstMed Entities.  The letter is the best evidence of its contents.  Defendants deny all allegations inconsistent with the contents of the letter.  Defendants deny all remaining allegations.

304.    Defendants deny all allegations.

305.    Defendants deny all allegations.

306.    Defendants admit the Lenders verbally offered to provide debtor-in-possession financing for a filing under Chapter 11 of 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") under certain conditions.  Defendants further admit that the FirstMed Entities filed petitions for relief under Chapter 7 of the Bankruptcy Code.  Defendants deny all remaining allegations.

307.    Defendants admit that, on December 6, 2013, Gibson informed certain of the FirstMed Entities' employees that the FirstMed entities would cease operations and that their employment was terminated.  Defendants deny all remaining allegations.

308.    Defendants deny all allegations.

309.    Defendants deny all allegations.

310.    Defendants deny all allegations.

311.    Defendants deny all allegations.

312.    Defendants deny all allegations.

313.    Defendants deny all allegations.

314.    Defendants deny all allegations.

91004-0040/135222904.1

315.    Defendants deny all allegations.

316.    Defendants deny all allegations.

317.    Defendants admit that, as of the Petition Date, each of the FirstMed Entities had assets.  Defendants deny all remaining allegations.

318.    Defendants deny all allegations.

319.    Defendants admit that certain of the employees of the FirstMed Entities were not paid wages for a period of time prior to the Petition Date.  Defendants deny all remaining allegations.

320.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

321.    Defendants admit that certain employees of the FirstMed Entities asserted claims under the WARN Act against the FirstMed Entities bankruptcy estates, which claims have been settled.  Defendants deny all remaining allegations.

322.    Defendants admit that an adversary proceeding involving claims under the WARN Act is pending before this Court.  Defendants further admit that the parties to that adversary proceeding have entered into a settlement agreement that resolves all claims in that adversary proceeding.  Defendants deny all remaining allegations.

323.    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

324.    Defendants deny all allegations.

325.    Defendants admit that, on November 6, 2013, Shoals Ambulance, Inc. became registered with the Office of the Tennessee Secretary of State.  Defendants deny all remaining allegations.

326.    Defendants admit that, at certain times, Shoals Ambulance, Inc. listed "FirstMed EMS" and "Priority Ambulance" as assumed names in its filings with the Tennessee Secretary of State.  Defendants deny all remaining allegations.

327.    Defendants admit that a copy of a document titled Business Entity Detail from the Division of Business Services for the State of Tennessee and certain other documents are attached as Exhibit G to the Second Amended Complaint.  Defendants further admit that these documents list "FirstMed EMS" and "Priority Ambulance" as assumed names at certain times for Shoals Ambulance, Inc.  Defendants deny all remaining allegations.

328.    Defendants admit that "FirstMed EMS" was listed as an assumed name of Shoals Ambulance on the initial filing with the Office of the Tennessee Secretary of State.  Defendants deny all remaining allegations.

329.     Defendants admit that none of the FirstMed Entities had an agreement with Shoals for the use of any trade name.  Defendants further admit that the FirstMed Entities did not receive compensation from Shoals for the use of a name.   Defendants deny all remaining allegations.

330.     Defendants admit that Priority was formed and registered with the Office of the Delaware Secretary of State on December 5, 2013.  Defendants further admit that December 5, 2013 was one day before the FirstMed Entities discontinued operations and terminated their employees.  Defendants deny all remaining allegations.

331.     Defendants admit that Priority Ambulance Intermediate Holdings, LLC, Priority Ambulance Holdings, LLC, and Priority Ambulance Blocker Corporation were formed or incorporated and registered with the Delaware Department of State on December 5, 2013. Defendants deny all remaining allegations.

332.     Defendants deny all allegations.

333.     Defendants admit that copies of documents titled Entity Details from the Department of State for the State of Delaware are attached as Exhibit H to the Second Amended Complaint.  Defendants deny all remaining allegations.

334.     Defendants deny all allegations.

335.     Defendants deny all allegations.

336.     Defendants deny all allegations.

337.     Defendants admit that, on December 18, 2013, Shoals Ambulance, Inc. changed its legal name to Shoals.  Defendants deny all remaining allegations.

338.     Defendants admit that a copy of a document titled Business Entity Details from the Alabama Secretary of State is attached as Exhibit I to the Second Amended Complaint. Defendants deny all remaining allegations.

339.     Defendants admit that, on December 23, 2013, Priority purchased all of the outstanding membership interests in Shoals.  Defendants deny all remaining allegations.

340.     Defendants admit all allegations.

341.     Defendants admit that Gibson formed BG Holdings, Inc.  Defendants deny all remaining allegations.

342.     Defendants admit that a chart purporting to outline an organization structure for Priority, Shoals and other entities is attached as Exhibit J to the Second Amended Complaint. Defendants deny all remaining allegations.

343.     Defendants deny all allegations.

91004-0040/135222904.1

344.    Defendants deny all allegations.

345.    Defendants deny all allegations.

346.    Defendants deny all allegations.

347.    Defendants deny all allegations.

348.    Defendants deny all allegations.

349.    Defendants admit that Bryan Gibson, Steven Blackburn and Robert Jewell were hired by Priority.  Defendants deny all remaining allegations.

350.    Defendants deny all allegations.

351.    Defendants deny all allegations.

352.    Defendants deny all allegations.

353.    Defendants deny all allegations.

354.    Defendants deny all allegations.

355.    Defendants admit that Gibson entered into an Executive Agreement with ESAC dated July 29, 2013.  Defendants deny all remaining allegations.

356.    Defendants admit that a copy of a document titled Executive Agreement is attached as Exhibit K to the Second Amended Complaint.  Defendants deny all remaining allegations.

357.    The Gibson Employment Agreement is the best evidence of its terms.  Defendants deny all of the allegations inconsistent with the terms of the Gibson Employment Agreement. Defendants deny all remaining allegations.

358.    The Gibson Employment Agreement is the best evidence of its terms.  Defendants deny all allegations inconsistent with the terms of the Gibson Employment Agreement. Defendants deny all remaining allegations.

359.    The Gibson Employment Agreement is the best evidence of its terms.  Defendants deny all allegations inconsistent with the terms of the Gibson Employment Agreement. Defendants deny all remaining allegations.

360.    Defendants deny all allegations.

361.    The Gibson Employment Agreement is the best evidence of its terms.  Defendants deny all allegations inconsistent with the terms of the Gibson Employment Agreement. Defendants deny all remaining allegations.

362.    The Gibson Employment Agreement is the best evidence of its terms.  Defendants

deny all allegations inconsistent with the terms of the Gibson Employment Agreement. Defendants deny all remaining allegations.

363.    Defendants deny all allegations.

364.    The Gibson Employment Agreement is the best evidence of its terms.  Defendants deny all allegations inconsistent with the terms of the Gibson Employment Agreement. Defendants deny all remaining allegations.

365.    Defendants deny all allegations.

366.    The Gibson Employment Agreement is the best evidence of its terms.  Defendants deny all allegations inconsistent with the terms of the Gibson Employment Agreement. Defendants deny all remaining allegations.

367.    Defendants deny all allegations.

368.    Defendants admit that Blackburn executed an Employment Agreement with ESAC dated August 26, 2013.  Defendants deny all remaining allegations.

369.    Defendants admit that a document titled Employment Agreement is attached as Exhibit L to the Second Amended Complaint.  Defendants deny all remaining allegations.

370.    The Blackburn Employment Agreement is the best evidence of its terms. Defendants deny all allegations inconsistent with the terms of the Blackburn Employment Agreement.  Defendants deny all remaining allegations.

371.    The Blackburn Employment Agreement is the best evidence of its terms. Defendants deny all allegations inconsistent with the terms of the Blackburn Employment Agreement.  Defendants deny all remaining allegations.

372.    Defendants deny all allegations.

373.    The Blackburn Employment Agreement is the best evidence of its terms. Defendants deny all allegations inconsistent with the terms of the Blackburn Employment Agreement.  Defendants deny all remaining allegations.

374.    The Blackburn Employment Agreement is the best evidence of its terms. Defendants deny all allegations inconsistent with the terms of the Blackburn Employment Agreement.  Defendants deny all remaining allegations.

375.    Defendants deny all allegations.

376.    The Blackburn Employment Agreement is the best evidence of its terms. Defendants deny all allegations inconsistent with the terms of the Blackburn Employment Agreement.  Defendants deny all remaining allegations.

377.    Defendants deny all allegations.

378.    The Blackburn Employment Agreement is the best evidence of its terms. Defendants deny all allegations inconsistent with the terms of the Blackburn Employment Agreement. Defendants deny all remaining allegations.

379.    Defendants deny all allegations.

380.    Defendants deny all allegations.

381.    Defendants deny all allegations.

382.    Defendants deny all allegations.

383.    Paragraph 383 asserts a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny all allegations.

384.    Defendants deny all allegations.

385.    Defendants deny all allegations.

386.    Paragraph 386 asserts a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny all allegations.

387.    Defendants admit that EEF Partners was a general partner of EEF. Defendants deny all remaining allegations.

388.    Defendants deny all allegations.

389.    Paragraph 389 asserts a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny all allegations.

390.    Defendants deny all allegations.

391.    Defendants deny all allegations.

392.    Paragraph 392 asserts a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny all allegations.

393.    Defendants deny all allegations.

## FIRST CLAIM FOR RELIEF
*(Breach of Duty of Care to FirstMed Entities and their Creditors - Paul, Chandra, Gibson, Blackburn, and Jewell)*

394.    Defendants incorporate their answers to each and every allegation contained in all other paragraphs of the Second Amended Complaint as if fully set forth herein.

395.    The First Claim for Relief is not directed against any Defendants so no answer is required. To the extent an answer is required, Defendants deny all allegations.

91004-0040/135222904.1

396.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

397.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

398.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

399.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

400.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

401.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

402.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

403.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

404.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

405.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

406.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

407.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

408.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

409.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

410.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

411.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

412.    The First Claim for Relief is not directed against any Defendants so no answer is

91004-0040/135222904.1

required.  To the extent an answer is required, Defendants deny all allegations.

413.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

414.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

415.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

416.    The First Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

## SECOND CLAIM FOR RELIEF
*(Breach of Duty of Loyalty to FirstMed Entities and their Creditors – Paul, Chandra, Gibson, Blackburn, Jewell)*

417.    Defendants incorporate their answers to each and every allegation contained in all other paragraphs of the Second Amended Complaint as if fully set forth herein.

418.    The Second Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

419.    The Second Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

420.    The Second Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

421.    The Second Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

422.    The Second Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

423.    The Second Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

424.    The Second Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

425.    The Second Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

426.    The Second Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

427.    The Second Claim for Relief is not directed against any Defendants so no answer

is required.  To the extent an answer is required, Defendants deny all allegations.

## THIRD CLAIM FOR RELIEF
*(Misappropriation of Corporate Opportunities - Paul, Chandra, Gibson, Blackburn, Jewell)*

428.    Defendants incorporate their answers to each and every allegation contained in all other paragraphs of the Second Amended Complaint as if fully set forth herein.

429.    The Third Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

430.    The Third Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

431.    The Third Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

432.    The Third Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

433.    The Third Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

434.    The Third Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

435.    The Third Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

436.    The Third Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

437.    The Third Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

## FOURTH CLAIM FOR RELIEF
*(Aiding and Abetting Breaches of Fiduciary Duties, Misappropriation of Corporate Opportunities, Conversion, and Fraudulent Transfers – EEF, EEF Partners, Paul, Kostuchenko)*

438.    Defendants incorporate their answers to each and every allegation contained in all other paragraphs of the Second Amended Complaint as if fully set forth herein.

439.    Paragraph 439 contains no factual allegations for which an answer is required.  To the extent and answer is required, Defendants deny all allegations.

440.    Paragraph 440 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

441.    Defendants deny all allegations.

28

442.    Defendants deny all allegations.

443.    Defendants deny all allegations.

444.    Defendants deny all allegations.

445.    Defendants deny all allegations.

446.    Defendants deny all allegations.

447.    Defendants deny all allegations.

448.    Defendants admit that EEF had indirect ownership interests in the FirstMed Entities at certain times, and also had an ownership interest in Priority and Shoals at certain times.  Defendants deny all remaining allegations.

449.    Paragraph 449 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

450.    Paragraph 450 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

### FIFTH CLAIM FOR RELIEF
*(Conversion – Paul, Chandra, Gibson, Blackburn, Jewell, EEF, EEF Partners, Kostuchenko, Priority, Shoals)*

451.    Defendants incorporate their answers to each and every allegation contained in all other paragraphs of the Second Amended Complaint as if fully set forth herein.

452.    Defendants deny all allegations.

453.    Defendants deny all allegations.

454.    Paragraph 454 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

455.    Paragraph 455 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

456.    Defendants deny all allegations.

457.    Paragraph 457 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

458.    Paragraph 458 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

91004-0040/135222904.1

## SIXTH CLAIM FOR RELIEF
*(Fraudulent Transfer – 11 U.S.C. §§ 544, 548, 550; and the Uniform Fraudulent Transfer Act – Priority, Shoals, EEF, EEF Partners, Paul, Chandra, Gibson)*

459. Defendants incorporate their answers to each and every allegation contained in all other paragraphs of the Second Amended Complaint as if fully set forth herein.

460. Defendants deny all allegations.

461a. Defendants deny all allegations.

461b. Defendants deny all allegations.

461c. Defendants deny all allegations.

461d. Defendants deny all allegations.

462. Defendants deny all allegations.

463. Defendants deny all allegations.

464. Defendants deny all allegations.

465. Defendants deny all allegations.

466. Defendants deny all allegations.

467. Defendants deny all allegations.

468. Defendants deny all allegations.

469. Paragraph 469 asserts a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny all allegations.

470. Defendants deny all allegations.

471. Defendants deny all allegations.

472. Paragraph 472 asserts a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny all allegations.

## SEVENTH CLAIM FOR RELIEF
*(Unjust Enrichment – EEF, EEF Partners, Chandra, Paul, Kostuchenko, Gibson, Blackburn, Jewell, Priority, Shoals)*

473. Defendants incorporate their answers to each and every allegation contained in all other paragraphs of the Second Amended Complaint as if fully set forth herein.

474. Paragraph 474 asserts a legal conclusion for which no answer is required. To the

91004-0040/135222904.1

extent an answer is required, Defendants deny all allegations.

475.    Defendants deny all allegations.

476.    Defendants deny all allegations.

477.    Paragraph 477 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

478.    Defendants deny all allegations.

479.    Defendants deny all allegations.

480.    Paragraph 480 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

481.    Paragraph 481 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

## EIGHTH CLAIM FOR RELIEF
*(Constructive Fraud – Paul, Chandra, Gibson, Blackburn, Jewell)*

482.    Defendants incorporate their answers to each and every allegation contained in all other paragraphs of the Second Amended Complaint as if fully set forth herein.

483.    The Eighth Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

484.    The Eighth Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

485.    The Eighth Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

486.    The Eighth Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

## NINTH CLAIM FOR RELIEF
*(Breach of Contract or Agreement to Make Expansion Investment – EEF, EEF Partners)*

487.    Defendants incorporate their answers to each and every allegation contained in all other paragraphs of the Second Amended Complaint as if fully set forth herein.

488.    Defendants deny all allegations.

489.    Defendants deny all allegations.

490.    Defendants deny all allegations.

491.    Defendants deny all allegations.

492.    Paragraph 492 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

493.    Paragraph 493 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

494.    Paragraph 494 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

495.    Paragraph 495 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

## TENTH CLAIM FOR RELIEF
*(Breach of Employment Agreement – Gibson, Blackburn)*

496.    Defendants incorporate their answers to each and every allegation contained in all other paragraphs of the Second Amended Complaint as if fully set forth herein.

497.    The Tenth Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

498.    The Tenth Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

499.    The Tenth Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

500.    The Tenth Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

501.    The Tenth Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

502.    The Tenth Claim for Relief is not directed against any Defendants so no answer is required.  To the extent an answer is required, Defendants deny all allegations.

## ELEVENTH CLAIM FOR RELIEF
*(Unfair and Deceptive Trade Practices – EEF, EEF Partners, Paul, Chandra, Kostuchenko, Gibson, Blackburn, Jewell, Shoals, Priority)*

503.    Defendants incorporate their answers to each and every allegation contained in all other paragraphs of the Second Amended Complaint as if fully set forth herein.

504.    Paragraph 504 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

505.    Defendants deny all allegations.

91004-0040/135222904.1

506.     Defendants deny all allegations.

507.     Defendants deny all allegations.

508.     Defendants deny all allegations.

509.     Defendants deny all allegations.

510.     Defendants deny all allegations.

511.     Defendants deny all allegations.

512.     Defendants deny all allegations.

513a.   Defendants admit that the FirstMed Entities are no longer operating businesses. Defendants deny all remaining allegations.

513b.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

513c.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

513d.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

513e.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

514.     Defendants deny all allegations.

515.     Paragraph 515 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

516.     Paragraph 516 asserts a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny all allegations.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendants deny any and all allegations contained in the Second Amended Complaint not expressly admitted.  Furthermore, Defendants assert each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations, or other creations, including the common law.  Based on the knowledge and information available to date, Defendants assert the following affirmative and additional defenses.  Defendants do not

33

admit that they have the burden of proof on any of the defenses alleged herein.  Furthermore, Defendants designate all denials to the Second Amended Complaint set forth above as defenses if necessary to their full defense of this matter.  Defendants reserve the right to amend their answers and to assert additional affirmative or other defenses based on further investigation and discovery.

## FIRST DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief may be granted and thus should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), as incorporated in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b).

## SECOND DEFENSE

Plaintiff's claims, in whole or in part, are barred by the Business Judgment Rule because Defendants acted in good faith, with knowledge, and with the reasonable belief that the conduct alleged in the Second Amended Complaint was in the best interests of the FirstMed Entities and appropriate under the circumstances.

## THIRD DEFENSE

Plaintiff's claims, in whole or in part, are barred because the injury and/or damages alleged in the Second Amended Complaint were legally and proximately caused by the intervening negligence of the Lenders in steadfastly refusing to negotiate in good faith with the FirstMed Entities, agree to a reasonable restructuring proposal and/or new business proposal offered by the FirstMed Entities, and sweeping all of the cash in the operating accounts of the FirstMed Entities.

## FOURTH DEFENSE

Plaintiff's claims, in whole or in part, are barred because of the intervening and

superseding conduct of the Lenders in steadfastly refusing to negotiate in good faith with the FirstMed Entities, agree to a reasonable restructuring proposal and/or new business proposal offered by the FirstMed Entities, and sweeping all of the cash in the operating accounts of the FirstMed Entities.

## FIFTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands because the Lenders steadfastly refused to negotiate in good faith with the FirstMed Entities, agree to a reasonable restructuring proposal and/or new business proposal offered by the FirstMed Entities, and swept all of the cash in the operating accounts of the FirstMed Entities, which inequitable, wrongful and dishonest conduct gave rise to the Plaintiff's claims in this adversary proceeding.

## SIXTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of *in pari delicto* because the FirstMed Entities and/or their creditors engaged in the same conduct alleged in the Second Amended Complaint.

## SEVENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred because the injury and/or damages alleged in the Second Amended Complaint were caused in part by the FirstMed Entities and/or their creditors' own negligence.

## EIGHTH DEFENSE

Plaintiff's claims, in whole or in part, are barred or reduced by the contributory or comparative negligence of third parties, including but not limited to the Lenders in steadfastly refusing to negotiate in good faith with the FirstMed Entities, agree to a reasonable restructuring proposal and/or new business proposal offered by the FirstMed Entities, and sweeping all of the

cash in the operating accounts of the FirstMed Entities.

## NINTH DEFENSE

Plaintiff's claims, in whole or in part, are barred because Plaintiff failed to plead particularized facts that demonstrate that Defendants acted with the requisite scienter.

## TENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred against Priority, which was not organized until after the alleged conduct occurred.

## ELEVENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of equitable estoppel because the FirstMed Entities and/or their creditors accepted the benefits of the transactions and transfers alleged in the Second Amended Complaint.

## TWELFTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of laches because the Trustee neglected to assert a right to relief in a timely fashion and the intervening lapse of time has prejudiced Defendants.

## THIRTEENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred because the alleged contract or agreement between Defendants and the FirstMed Entities to make the so-called Expansion Investment is too indefinite to create a contract and there was no meeting of the minds as to the alleged promises comprising the alleged contract or agreement.

## FOURTEENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred because the FirstMed Entities and/or their creditors assumed the risks of the alleged transactions and transfers described in the Second

91004-0040/135222904.1

Amended Complaint by having actual or constructive knowledge of the risks associated with such transactions and transfers and by consenting to such risks.

## FIFTEENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred because the FirstMed Entities agreed to an accord and satisfaction of the obligations owed by Defendants.

## SIXTEENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred because the FirstMed Entities and/or their creditors acquiesced to the alleged transactions and transfers described in the Second Amended Complaint by having actual or constructive knowledge and not objecting to such alleged transactions and transfers.

## SEVENTEENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred because the FirstMed Entities and/or their creditors failed to mitigate their damages.

## EIGHTEENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred because Defendants received the alleged transfers for value and in good faith.

## NINETEENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred because Defendants have the right to set off any liability or damages alleged by Plaintiff for contractual claims held by Defendants against the FirstMed Entities, which are mutual, valid, and enforceable and which arose prior to the Petition Date.

## TWENTIETH DEFENSE

Plaintiff's claims, in whole or in part, are barred by the economic loss doctrine because

the claims for economic loss are governed by contract law.

### TWENTY-FIRST DEFENSE

Plaintiff's claims, in whole or in part, are barred because Defendants did not control, and are not responsible for, the actions of their subsidiaries, affiliates or their respective directors, officers and employees.

### TWENTY-SECOND DEFENSE

Plaintiff's claims for equitable relief, in whole or in part, are barred by the existence of an adequate remedy at law.

This the 14th day of April, 2017.

**EVERETT GASKINS HANCOCK LLP**

By ___/s/ James M. Hash_____
       E.D. Gaskins, Jr., Bar No. 1606
       James M. Hash, Bar No. 38221
       220 Fayetteville Street, Suite 300
       P.O. Box 911
       Raleigh, NC 27602
       Telephone: 919-755-0025
       Facsimile: 919-755-0009
       ed@eghlaw.com
       james@eghlaw.com

       *Local Civil Rule 83.1 Counsel for Enhanced Equity Fund II, L.P., EEF Partners II, LLC, Priority Ambulance, LLC, Shoals Ambulance, LLC and Malcolm Kostuchenko*

**PERKINS COIE LLP**

       Eric Walker
       Perkins Coie LLP
       131 South Dearborn Street, Suite 1700
       Chicago, IL 60603-5559

Telephone: 312-324-8559
Facsimile: 312-324-9659
ewalker@perkinscoie.com

*Attorneys for Enhanced Equity Fund II, L.P., EEF Partners II, LLC, Priority Ambulance, LLC, Shoals Ambulance, LLC and Malcolm Kostuchenko*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing ANSWER, AFFIRMATIVE AND OTHER DEFENSES OF ENHANCED EQUITY FUND II, L.P., EEF PARTNERS II, LLC, MALCOLM KOSTUCHENKO, PRIORITY AMBULANCE, LLC AND SHOALS AMBULANCE, LLC IN RESPONSE TO SECOND AMENDED COMPLAINT has been electronically filed with the Court served on the following through the CM/ECF service and by email addressed to:

| | |
|---|---|
| Michael J. Parrish | Gilbert Laite, III |
| E. Bradley Evans | Holmes P. Harden |
| Ward and Smith, P.A. | Williams Mullen |
| P.O. Box 867 | P.O. Box 1000 |
| New Bern, NC 28563 | Raleigh, NC 27602 |
| MJP@wardandsmith.com | glaite@williamsmullen.com |
| EBE@wardandsmith.com | hharden@williamsmullen.com |
| *Counsel for Trustee* | *Attorneys for Andrew M. Paul; Samarth Chandra; Bryan Gibson; Steven Blackburn; and Robert Jewell* |

This the 14th day of April, 2017.

**EVERETT GASKINS HANCOCK LLP**

By:     /s/ James M. Hash
          E.D. Gaskins, Jr.
          N.C. State Bar No. 1606
          James M. Hash
          N.C. State Bar No. 38221
          220 Fayetteville Street, Suite 300
          P.O. Box 911
          Raleigh, NC 27602
          Telephone:  919-755-0025
          Facsimile:  919-755-0009
          ed@eghlaw.com
          james@eghlaw.com

91004-0040/135222904.1